IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AVTAR SINGH,

              *Petitioner*,

v.

WARDEN OF MOSHANNON VALLEY
PROCESSING CENTER, *et al*,

              *Respondents*.

Civil Action No. 3:26-cv-312

Hon. William S. Stickman IV

## ORDER OF COURT

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of India, is currently detained at Moshannon Valley Processing Center. In September of 2024, he entered the United States near Tecate, California, and was arrested by U.S. Border Patrol. He was released into the United States on his own recognizance. In September of 2025, he was detained by U.S. Immigration and Customs Enforcement.[1] (ECF Nos. 1 and 8). Petitioner withdrew his bond request on December 9, 2025, after being informed that the immigration judge would deny bond based on lack of jurisdiction. (ECF No. 1-1, p. 6). The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

---

[1] Petitioner's removal proceedings remain ongoing. On December 9, 2025, an immigration judge denied his applications for relief and ordered him removed to India. Petitioner has appealed that decision. As such, his removal order is not yet administratively final.

1

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing.

AND NOW, this 6th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

In light of the United States Court of Appeals for Third Circuit's recent decision in *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd

3

Cir. Feb. 2, 2026), should Petitioner wish to do so, he shall file any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), within ten (10) days.

                                           BY THE COURT:

                                           */s/William S. Stickman IV*
                                           WILLIAM S. STICKMAN IV
                                           UNITED STATES DISTRICT JUDGE